810 F.2d 194
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
CEDAR COAL COMPANY, Petitioner,
v.
Harry VEST; Director, Office of Workers' Compensation
Programs, United States Department of Labor, Respondents.
Harry VEST, Petitioner,
v.
CEDAR COAL COMPANY, Director, Office of Workers'
Compensation Programs, United States Department of
Labor, Respondents.
 Nos. 86-1207 and 86-1237.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 20, 1986.
Decided Jan. 20, 1987.
 
 Before ERVIN, CHAPMAN and WILKINSON, Circuit Judges.
 David Lynn Yaussy, Robinson & McElwee, for Cedar Coal.
 Gregory William Evers, Franklin W. Kern, Office of Franklin L. Kern, L.C., for Vest.
 Richard Zorn, Thomas L. Holzman, Donald Steven Shire, Associate Solicitor, Steven D. Breeskin, Deputy Commissioner, James Michael O'Neill, United States Department of Labor; David V. Bernal, Office of Immigration Litigation, United States Department of Justice, Linda Meekins, Clerk, Benefits Review Board, United States Department of Labor, for Director.)
 PER CURIAM:
 
 
 1
 Cedar Coal Company (Cedar) and claimant Vest filed petitions to review an order of the Benefits Review Board of the Department of Labor (Board) which remanded Vest's claim for further proceedings before an Administrative Law Judge (ALJ). The Director of the Office of Workers' Compensation Programs (Director) has moved for dismissal of this petition on the ground that the Board's decision is not final and, consequently, not reviewable by this Court.
 
 
 2
 In September 1974 the claimant, Vest, filed a claim for benefits under the Black Lung Benefits Act, as amended, 30 U.S.C. §§ 901 et seq., which was denied by the Department of Labor on March 11, 1977. In May 1977 the claimant filed a second claim for benefits which the Department of Labor approved on September 5, 1979. The employer, Cedar, controverted the claim, and it was referred to an ALJ for a formal hearing. Prior to a hearing the ALJ issued a decision and order dismissing Cedar as a party to the case pursuant to the transfer provisions of § 205 of the Black Lung Benefits Amendments of 1981, 30 U.S.C. § 932(c), (j). The Director filed a motion for reconsideration with the ALJ, which was denied. Subsequently, the Director filed a notice of appeal with the Benefits Review Board. The Board, in a decision and order dated July 24, 1986, vacated the ALJ's order, reinstated Cedar as a party, and remanded the claimant's case against Cedar to the ALJ for consideration on the merits.
 
 
 3
 The Longshoremen's and Harbor Workers' Compensation Act provides that "[a]ny person adversely affected or aggrieved by a final order " of the Benefits Review Board may invoke the jurisdiction of the appropriate court of appeals to review a decision of the Board. 33 U.S.C. § 921(c) (1978) (emphasis added). It is clear that the Act adheres to the "statutory concept of finality" as the basis of our appellate jurisdiction. Newport News Shipbuilding and Dry Dock Co. v. Director, 590 F.2d 1267 (4th Cir.1978); see 28 U.S.C. § 1291. In judging the finality of an order, we have been admonished to use a "practical rather than a technical construction." Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 546 (1949).
 
 
 4
 Although it has been determined that the transfer provisions of § 205 did not apply to relieve Cedar of its potential liability, the merits of the claimant's action have not been determined. Thus, whether Cedar is at all liable to the claimant must yet be decided by the ALJ. Consequently, the order is not appealable as a final order, nor may it be treated as final under the doctrine of Cohen, supra, 337 U.S. at 545-47.
 
 
 5
 We hold that the petitions for review are premature because the Board's order of remand is not a "final order" and thus is not reviewable under the provision of 33 U.S.C. § 921(c). Accordingly, the Board's motion to dismiss is granted, and the petitions for review are dismissed.